**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Sara Long,** OSB No. 224433
Email: saralong@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **ROBERTA WILSON**, as personal representative of the estate of, **JEREMIAH JOHNSON**, deceased<br><br>Plaintiffs,<br><br>vs.<br><br>**CITY OF PENDLETON**, a municipal corporation, **JORDAN WILLIAMS**, and **DERRICK BINGHAM**,<br><br>Defendant. | Case No. 2:24-cv-1515<br><br>**COMPLAINT**<br>**Civil Rights Action Violation**<br>**Excessive Force**<br>**(42 U.S.C. § 1983)**<br><br>**Oregon Tort Claims Act**<br>**(Or. Rev. Stat. § 30.260** *et seq***)**<br>**Wrongful Death**<br><br>**Jury Trial Demanded** |

Plaintiff Roberta Wilson, by and through her attorneys, hereby alleges:

**NATURE OF THE CASE**

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and Or. Rev. Stat. § 30.265 by the estate of Jeremiah James Johnson. On September 18, 2022, in the late morning, Officer

COMPLAINT - 1
(Case No. 2:24-cv-1515)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

Jordan Williams of the Pendleton Police Department and Sergeant Derrick Bingham of the Umatilla Tribal Police responded to a 9-1-1 call. The caller, Johnson's former partner, reported to Umatilla County Sheriff's Office that Johnson was experiencing delusions and threatening to harm her and any officers who arrived, that he had not physically harmed her, and that he was in the front yard with his compound bow. When the police arrived, Johnson approached them and told them they were not welcome on the property. He turned to walk back towards the house and both officers fired their AR-15 rifles at Johnson's back. One of those bullets entered Johnson's body, tore through one of his kidneys, his heart, and one of his lungs. His partner watched him violently convulse on the ground, ten feet away from his weapon, until he died of the gunshot wound. His body lie on the ground for hours as his family and friends looked on in horror from the roadway. Defendants violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and state common law. As a result of Defendants' acts and omissions, Plaintiff suffered economic and noneconomic damages and is entitled to damages and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

2.  This court has subject matter jurisdiction over Plaintiff's claims of violation of federal constitutional rights pursuant to 28 U.S.C. §§ 1331 and 1343 because the cause of action arises under 42 U.S.C. § 1983. This court has supplemental jurisdiction over Plaintiff's pendent state law claim under 28 U.S.C. § 1367.

3.  Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon, and because Defendants are subject to personal jurisdiction in the District of Oregon.

COMPLAINT - 2
(Case No. 2:24-cv-1515)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

## TORT CLAIM NOTICE

4. Notice of these claims was provided to the Pendleton Police Department on or about September 18, 2023.

## PARTIES

5. Johnson died intestate. Roberta Wilson is Johnson's mother. The Umatilla County Circuit Court appointed her as the personal representative of the estate of Jeremiah Johnson on August 19, 2024. *See, In the Matter of the Estate of Jeremiah James Johnson*, Case No. 24PB07279.

6. Jeremiah Johnson was a resident of the state of Oregon and an enrolled member of the Confederated Tribes of Umatilla at the time he was killed and all relevant times.

7. At all relevant times, Jordan Williams was employed as a law enforcement officer for the City of Pendleton, Oregon ("Pendleton") acting under color of state law. He is sued in his individual capacity.

8. At all relevant times, Derrick Bingham was employed as a law enforcement officer for the Confederated Tribes of the Umatilla Indian Reservation ("CTUIR") and was acting under color of state law. He is sued in his individual capacity.

9. The City of Pendleton is a municipal corporation in the State of Oregon. At all material times, the City of Pendleton employed Defendant Jordan Williams.

## FACTUAL ALLEGATIONS

10. On September 18, 2022, at approximately 10:33 AM, the Umatilla County Sheriff's Office ("UCSO") received a 9-1-1 call from Kathryn "Kadie" Miller.

11. The UCSO is a local government office funded and geared toward the exclusive end of serving state and local—not tribal—needs.

COMPLAINT - 3
(Case No. 2:24-cv-1515)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

12. Miller, who is not an enrolled tribal member, was calling from and resided at 54286 Bingham Rd. The property is owned by Jason Olinger in fee simple and is not part of the CTUIR, though it lies within the boundaries of the CTUIR.

13. Miller, locked in her room with her dogs at the time, called to report that Johnson, her former partner, was experiencing delusions, was threatening to kill her with a bow and arrow, and was walking around the property shouting.

14. In response to the dispatcher's questions, Miller stated that no physical altercation had happened, Johnson did not live there, and Miller wanted him trespassed from the property.

15. The dispatcher contacted the Umatilla Tribal Police Department ("UTPD"), and Sergeant Derrick Bingham responded.

16. Pendleton Police Officer Jordan Williams also responded.

17. The officers arrived sometime between approximately 10:58 AM and 11:04 AM. Upon arrival, both officers stood in front of the gate to the property and advised Johnson, who stood in the front yard, approximately 45 yards behind the gate, that he was under arrest. Miller observed through the living room window.

18. At 11:04 AM, the officers reported that shots were fired, Johnson was down, and the officers were rendering aid.

19. Johnson was pronounced dead at the scene at 11:22 AM. His body lie in the front yard, clad only in a pair of pants.

20. Johnson's bow and arrow laid ten feet from his body.

21. UCSO Office Adam Gregory wrote in his report that Johnson had no visible injuries to the front of his body.

COMPLAINT - 4
(Case No. 2:24-cv-1515)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

22. Williams provided a statement at the scene to Gregory. Williams stated that Johnson had approached Williams and Bingham with a drawn bow and arrow, and the officers had fired their service rifles at him.

23. At all relevant times, only Bingham was wearing a body-worn camera ("BWC").

24. An Oregon State Police Deputy Medical Examiner ("ME") performed an autopsy of Johnson on September 19, 2022.

25. The ME determined that the cause of death was a gunshot wound to the torso and the manner of death was homicide.

26. The ME located one bullet in Johnson's body, which had entered through the right side of his back.

27. The ME determined that the direction of travel of the bullet was "[b]ack-to-front, upward, right-to-left." The "wound track" passed "through skin and soft tissue, right kidney, aorta, diaphragm, heart, left lung, left chest wall, [and] soft tissue."

28. Such a "wound track" is inconsistent with Williams' statement that the officers fired at Johnson as he approached them.

29. The distance between Johnson's body and his bow is inconsistent with Williams' statement that Johnson approached the officers with a loaded bow and arrow.

30. On May 1, 2023, counsel for Plaintiff requested from the Pendleton all reports, notes, and body camera footage pertaining to the shooting.

31. Pendleton responded that the only record it had in its possession was the CAD Incident Report related to the 9-1-1 call made to UCSO, that any officer interviews or statements would have been handled by or otherwise in the custody of the Federal Bureau of Investigations ("FBI") or an outside agency, and that Williams did not have his BWC on his person at the time of the incident.

COMPLAINT - 5
(Case No. 2:24-cv-1515)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

32. On May 10, 2023, counsel for Plaintiff requested from the Oregon State Police ("OSP") a complete copy of OSP's case file, including photos and videos related to the case.

33. On July 21, 2023, OSP responded with a limited number of records. It noted that it had exempted from release all BWC footage.

34. On May 10, 2023, counsel for Plaintiff requested from the FBI, via a Freedom of Information ("FOIA") records request, a complete copy of the FBI's entire case file, including all records and media from outside agencies that were forwarded to the FBI.

35. On September 5, 2023, nearly four months after the initial records request, an FBI FOIA Negotiation Team emailed Plaintiff's counsel stating that the 2,154 pages responsive to the request would take at least 67 months to produce to Plaintiff. Plaintiff's counsel agreed to reduce its request to just the BWC.

36. On September 19, 2023, the FBI responded that the file contained no media whatsoever. This was inconsistent with the police reports Plaintiff's counsel had already obtained, indicating that there was BWC footage from the CTUIR officer, Bingham. Plaintiff's counsel requested that the FOIA Negotiation Team contact the originally assigned FBI agents.

37. It was only after that request that the FBI Negotiation Team admitted that it had responsive video. Plaintiff's counsel confirmed it wanted to obtain the footage and requested payment information.

38. On December 11, 2023, a full ten months after the original FOIA request, in response to a follow-up email from Plaintiff's counsel, the FBI Negotiation Team indicated that, even after narrowing the scope of the request to a mere 54 minutes of BWC footage, it would take approximately 67 months, over five years, to complete the request.

COMPLAINT - 6
(Case No. 2:24-cv-1515)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

39. At the time of the filing of this complaint, the FBI's website indicates that Plaintiff's FOIA request is still awaiting assignment to a Government Information Specialist for further processing.

40. The CTUIR has steadfastly refused to provide the BWC to counsel or to Johnson's mother, Ms. Wilson.

41. As a result, the only available evidence contradicts the version of events recounted to other officers and written in their reports--that Johnson had approached Williams and Bingham with a drawn bow and arrow, and that was why they shot Johnson.

42. A gunshot wound to the back and traveling upwards through the body is inconsistent with the stated explanation that Johnson was approaching the officers when they shot at him. A bow lying ten feet from the body is inconsistent with the stated explanation that Johnson had a drawn bow in his hands as he allegedly approached the officers.

## FIRST CLAIM FOR RELIEF

**(Civil Rights 42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth Amendment)**

**(Against Defendants Williams and Bingham)**

43. Defendants Williams and Bingham acted under color of state law when they shot Johnson.

44. As alleged above, Defendants Williams and Bingham's use of force was objectively unreasonable under the circumstances, constituted excessive force, and was an unreasonable and unjustifiable use of deadly force.

45. Plaintiff should be awarded his attorney fees and costs against Defendants.

COMPLAINT - 7
(Case No. 2:24-cv-1515)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

## SECOND CLAIM FOR RELIEF

### (Wrongful Death, Battery – Or. Rev. Stat. § 30.020 *et. seq.*)

### (Against Defendants Williams and City of Pendleton)

46. As alleged above, Defendant Williams' and Defendant Bingham's use of force was intentional.

47. As alleged above, Williams' and Bingham's use of force was unreasonable.

48. Under the Oregon Tort Claims Act, the City of Pendleton is liable for Defendant Williams' tortious conduct occurring within the course and scope of his duties as a member of the Pendleton Police Department.

## DAMAGES

49. As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered economic and noneconomic damages, including:

   a. Burial and memorial services;

   b. Johnson's loss of enjoyment of life;

   c. Compensation for Johnson's loss of his civil right to be free from the use of excessive force by law enforcement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for that this Court will enter a Judgment in his favor, and against Defendant, as follows:

   A. Grant Plaintiff compensatory damages against Defendants in an amount to be determined at trial;

   B. Award Plaintiff reasonable costs, expenses, and attorney's fees;

COMPLAINT - 8
(Case No. 2:24-cv-1515)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

      C.      Grant Plaintiff such further relief as this Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED this 9th day of September, 2024.

> By:   <u>s/ Sara Long</u>
> **Sara Long,** OSB No. 224433
> **Jesse Merrithew**, OSB No. 074564
> Attorneys for Plaintiff

COMPLAINT - 9
(Case No. 2:24-cv-1515)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092